**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 25 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL GRADY and JENNIFER GRADY,<br><br>          Plaintiffs-Appellants,<br><br>v.<br><br>JONATHAN LEVIN; et al.,<br><br>          Defendants-Appellees,<br><br>TRI CITY NATIONAL BANK, a national bank,<br><br>          Defendant-counter-claimant-Appellee,<br><br> and<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Bank of Elmwood, a Wisconsin corporation,<br><br>          Intervenor-Defendant. | No.   14-16457<br><br>D.C. No. 2:11-cv-02060-JAT<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona

---

    [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

James A. Teilborg, District Judge, Presiding

Submitted July 21, 2016[**]
San Francisco, California

Before: GRABER and TALLMAN, Circuit Judges, and RAKOFF,[***] District Judge.

This case centers on whether Michael and Jennifer Grady (the Gradys) can assert violations of the Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq.*, against Tri City National Bank (TCNB) for conduct preceding its acquisition of the assets of a failed bank. In 2008, the Gradys entered into a loan with the Bank of Elmwood. The bank was subsequently placed into receivership, and its assets were purchased by TCNB. The district court denied the Gradys' motion for leave to amend their complaint to add TILA claims against TCNB, finding that amendment would be futile. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We hold that the Gradys' proposed TILA claims against TCNB "relat[e] to any act or omission" of the original bank—the Bank of Elmwood—and are subject to dismissal under the Financial Institutions, Reform, Recovery, and Enforcement Act (FIRREA) of 1989, 12 U.S.C. § 1821(d)(13)(D)(ii). The Gradys' proposed

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

TILA claim that stems from alleged disclosure defects in the original loan documents, *see* 15 U.S.C. § 1641(e), is "based on the conduct of the failed institution" because the operative loan documents were drafted and executed by the Bank of Elmwood, not TCNB. *Rundgren v. Wash. Mut. Bank, FA*, 760 F.3d 1056, 1064 (9th Cir. 2014), *cert denied*, 135 S. Ct. 1560 (2015). And TCNB never assumed liability for the Bank of Elmwood's potential malfeasance prior to the acquisition from the Federal Deposit Insurance Corporation.

Similarly, we find that the Gradys' proposed TILA rescission claim against TCNB, *see* 15 U.S.C. § 1635, plainly qualifies as "*functionally*, albeit not *formally* against [the] failed bank." *Benson v. JPMorgan Chase Bank, N.A.*, 673 F.3d 1207, 1215 (9th Cir. 2012) (internal quotation marks omitted). Because the Gradys did not exercise their right to rescind within the unconditional three-day period, the timeliness of their notice of rescission is entirely contingent on the Bank of Elmwood's alleged "fail[ure] to satisfy [TILA's] disclosure requirements." *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 792 (2015).

In sum, we hold that the Gradys' proposed TILA claims must first be exhausted under FIRREA.

**AFFIRMED.**